IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff/Respondent,<br><br>vs.<br><br>Sandra Marie Bowen,<br><br>          Defendant/Movant. | No. CV 11-2252-PHX-SRB (ECV)<br>No. CR 09-679-PHX-SRB<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Movant has filed a *pro se* Amended Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (CV Doc. 4).[1] Respondent has filed a Response (CV Doc. 15) and Movant has filed a Reply (CV Doc. 19). Also pending before the court is Movant's Motion for Return of Seized Personal Property. (Doc. 20).

**I.  BACKGROUND**

On June 9, 2009, Movant was charged in an indictment with conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846 and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(B)(vii). The

---

[1] Documents and entries from case No. CV 11-2252-PHX-SRB (ECV) are cited as "CV Doc." followed by the docket number. Documents and entries from case No. CR 09-679-PHX-SRB are cited as "CR Doc." followed by the docket number.

1  indictment included forfeiture allegations pursuant to 21 U.S.C. § 853. (CR Doc. 16). On
2  June 30, 2009, Movant was charged in a First Superseding Indictment with additional co-
3  defendants. (CR Doc. 29).

4  On July 10, 2009, Movant through counsel joined co-defendant Christopher Williams'
5  Motion to Suppress evidence retrieved from an automobile stop in which they were arrested.
6  (CR Doc. 29; Doc. 62 of No. CR 09-679-SRB, *United States v. Williams*). Movant argued
7  the search was illegal as it was not supported by probable cause or consent. (Doc. 44 of No.
8  CR 09-679-SRB, *United States v. Williams*; CV Doc. 15, Ex. A at 1.) The District Court
9  denied the Motion to Suppress by finding Movant gave consent to the search; but even if
10 Movant had not consented, Respondent had sufficient probable cause to search. (Doc. 91
11 No. CR 09-679-SRB, *United States v. Williams*; CV Doc. 15, Ex. E at 66-70, 230-34).[2]

12 After the denial of the Motion to Suppress, Respondent filed a Second Superseding
13 Indictment charging Movant with Conspiracy to Possess 1,000 or more kilograms of
14 Marijuana in violation of 21 U.S.C. § 846, Possession of Marijuana with Intent to Distribute
15 in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii), Conspiracy to Launder Monetary
16 Instruments in violation of 18 U.S.C. § 1956(h), Laundering of Monetary Instruments in
17 violation of 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i)-(ii), Conspiracy to Destroy or Remove
18 Property to Prevent Seizure in violation of 18 U.S.C. § 371, Destruction or Removal of
19 Property to Prevent Seizure in violation of 18 U.S.C. § 2232(a) and forfeiture allegations

---

[2] The Court cited the following facts in support of its probable cause finding: Defendants were traveling in a rented minivan, and when asked for the rental paperwork, they provided paperwork for multiple rental minivans; Defendants placed a magnetic sign (and bible) on the dashboard to create the appearance it was engaged in the funeral business; there was an overwhelmingly strong odor of a masking substance like cleaning material; Defendants gave conflicting stories about where they were going and why; Williams was unable to remember the address on his drivers' license and was anxious and gave conflicting answers; and less significantly that the car was traveling at a cautious rate of speed. (CV Doc. 15, Ex. E at 232-34).

1  pursuant to 18 U.S.C. § 982(a)(1),(b)(1); 21 U.S.C. § 853; and 28 U.S.C. § 2461(c). (CR
2  Doc. 109).

3   Approximately two weeks before trial on May 26, 2010, Movant, represented by
4  counsel, pleaded guilty to Conspiracy to Possess 1,000 kilograms or More of Marijuana with
5  Intent to Distribute, a Class A felony offense (Count 1 - 21 U.S.C. § 846), Conspiracy to
6  Launder Monetary Instruments, a Class C felony offense (Count 3 - 18 U.S.C. § 1956(h)),
7  and admitted to the forfeiture allegations in the Second Superseding Indictment. (CR Doc.
8  194, 195).

9   On November 17, 2010, Movant was sentenced to serve 216 months of imprisonment
10 on Count 1 and 216 months on Count 3 to run concurrently, to be followed by five years of
11 supervised release on Count 1 and three years of supervised release on Count 3 to run
12 concurrently. (CR Doc. 322). Movant did not appeal.

13   Movant's § 2255 Motion was filed on the docket on November 16, 2011. (CV Doc.
14 1). On November 21, 2011, the Court ordered Movant to file an amended motion (CV Doc.
15 3), which Movant did on January 3, 2012 (CV Doc. 4). In her motion, Movant alleges
16 ineffective assistance of counsel. Movant contends counsel failed to properly raise a Fourth
17 Amendment issue under *Arizona v. Gant*, 556 U.S. 332 (2009) which caused undue prejudice
18 (CV Doc. 4 at 5, 11-14), and failed to warn against the deportation consequences at the
19 conclusion of her sentence and failed to secure a plea that would avoid this collateral
20 consequence (id. at 6, 14-15). Respondent contends that the record of the criminal
21 proceedings do not support Movant's claim of ineffective assistance of counsel. (CV Doc.
22 15 at 7-15).

23 **II.    DISCUSSION**

24 **A.    The Change of Plea Proceedings**

25   The transcript of the change-of-plea hearing before the District Court shows that
26 Movant answered "Yes, your Honor" when the Court asked if she wished to plead guilty to
27 the written plea agreement. (CR Doc. 353, Plea Hearing Transcript ("Plea Tr.") at 2-3).
28 Movant took an oath to tell the truth. (*Id.* at 3-4). When questioned by the Court, Movant

1 answered that her name was Sandra Marie Bowen, she was born on December 6, 1969, and 2 she had attended school for 12 years. (*Id.* at 4). Movant told the Court she could read and 3 understand English. Movant had not had any drugs, alcohol or medicine within the previous 4 24 hours and had never been judged incompetent. (*Id.*). Movant's counsel stated he had 5 lengthy discussions with her and felt she was fully competent. (*Id.* at 5).

6 During the proceedings, Movant testified she had reviewed the charges in the Second 7 Superseding Indictment, had discussed them fully with counsel, and was satisfied with her 8 representation. (Plea Tr. at 5). Movant told the court she understood she was waiving her 9 right to trial and the constitutional rights she was giving up. (*Id.* at 6). Movant also 10 acknowledged she had agreed to give up certain rights to appeal. (*Id.* at 7).

11 The Court then went over specific items in the Plea Agreement with Movant. (*Id.* at 12 8). Movant told the Court no one had forced or threatened her or made promises to him to 13 make her plead guilty. (*Id.* at 10-11). Movant stated she was signing the plea agreement and 14 pleading guilty voluntarily and of her own free will with the advice of counsel. She testified 15 she was pleading guilty to Count 1 and Count 3 and that she admitted to the forfeiture 16 allegations in the Second Superseding Indictment. (*Id.* at 11-12). The Court explained to 17 Movant the maximum statutory term of imprisonment and application of the Sentencing 18 Guidelines which Movant indicated she understood. (Plea Tr. at 12-16). Movant understood 19 that the Court could consider the sentencing table and that under no circumstances could the 20 Court impose a sentence of less than 10 years. (*Id.* at 19). Movant understood that she 21 agreed to forfeit any interest she had in the property listed on pages 5 and 6 of the Plea 22 Agreement. (*Id.* at 20; CR Doc. 195).

23 When advised by counsel that Movant was not a citizen of the United States, the Court 24 stated:

25 In addition to the penalties I have already mentioned, Ms. Bowen, do you understand that you will likely suffer an adverse immigration consequence as 26 a result of your conviction for these crimes? Specifically, upon your release from prison, you will be turned over to Immigration and Customs Enforcement 27 for deportation proceedings.

28

- 4 -

1 (Plea. Tr. at 20). Movant replied, "Yes, Your Honor." (*Id.*) The Court then proceeded to
2 explain the elements of the crimes for which Plaintiff was pleading guilty. (*Id.* at 21-22).
3 The Court ascertained there was a factual basis for the plea and found Movant's plea
4 knowing, intelligent and voluntary. (*Id*. at 22-26). After finding the plea was supported by
5 a factual basis, the Court accepted Movant's plea. (*Id.*). On November 16 and 17, 2010,
6 Movant entered a plea of guilty which the Court accepted. (CR Doc. 322 at 1; CR Doc. 326).

**B.     Timeliness of the § 2255 Motion**

Respondent has acknowledged that Movant's § 2255 Motion was timely filed. (CV Doc. 15 at 6-7).

**C.     Waiver**

Respondent has raised an argument for dismissal because Movant waived any right to file any collateral attack, including a § 2255 motion, in her Plea Agreement. (CV Doc. 15 at 7-8). Movant appears to contend her guilty plea was not knowingly and intelligently made based on erroneous assistance of counsel, who failed to raise a suppression argument under *Arizona v. Gant*, 556 U.S. 332 (2009), and failed to warn against the deportation consequences under *Padilla v. Kentucky*, 559 U.S. 356 (2010). (CV Doc 4 at 12-15).

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo,* 398 F.3d 1149, 1153 (9th Cir. 2005), *cert. denied,* 546 U.S. 883 (2005). A defendant may waive the statutory right to challenge his sentence under § 2255. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (citation omitted). An express waiver of the right to file a § 2255 motion may not preclude a collateral attack "challenging the knowing and voluntary nature of the plea agreement" or an ineffective assistance of counsel claim that implicates the voluntariness of the waiver. *Jeronimo*, 398 F.3d at 1156 n.4. *See also Pruitt*, 32 F.3d at 433 (doubting whether "a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain").

- 5 -

1    Movant's written plea agreement included as terms that she waived "any right to file
2 an appeal, any collateral attack and any other writ or motion that challenges the conviction
3 . . . including but not limited to any appeal[] under [§] 2255." (CR Doc. 195 at 4). At the
4 change-of-plea hearing, Movant told the court she understood she was waiving her right to
5 trial and the constitutional rights she was giving up, including her right to appeal. (Plea Tr.
6 at 6-7). The Court ascertained that Movant understood the constitutional rights she was
7 waiving by pleading guilty and that no promises or threats had occurred to induce her to plea
8 guilty. *See United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made
9 by a defendant during a guilty plea hearing carry a strong presumption of veracity in
10 subsequent proceedings attacking the plea"). The record does not support Movant's
11 contention that her guilty plea was not knowingly and voluntarily entered as a result of
12 defense counsel's deficient representation. Therefore, Movant has expressly waived her
13 rights to any collateral attack and her Amended Motion under § 2255 should be dismissed.
14    But even if waiver did not apply, as it does here, Plaintiff cannot satisfy the second
15 prong to establish prejudice under *Strickland* as to both raised grounds.

16 **D.    Ineffective Assistance of Counsel**

17    Criminal defendants are entitled to the effective assistance of counsel under the Sixth
18 Amendment. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish ineffective
19 assistance of counsel, a convicted defendant must show (1) that counsel's representation fell
20 below an objective standard of reasonableness, and (2) that there is a reasonable probability
21 that, but for counsel's unprofessional errors, the result of the proceeding would have been
22 different. *Id.* at 687-88, 694. The two-part *Strickland* test "applies to challenges to guilty
23 pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).
24 With respect to the first component, it is strongly presumed that counsel's performance fell
25 within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.
26 Regarding the second component, a movant must establish prejudice. In the guilty-plea
27 context, the movant "must show that there is a reasonable probability that, but for counsel's
28 errors, [movant] would not have pleaded guilty and would have insisted on going to trial."

- 6 -

1   *Hill*, 474 U.S. at 59.  "The benchmark for judging any claim of ineffectiveness must be
2   whether counsel's conduct so undermined the proper functioning of the adversarial process
3   that the trial cannot be relied on as having produced a just result."  *Strickland*, 466 U.S. at
4   686.  A claim of ineffective assistance of counsel fails if either prong of the analysis is not
5   met and the movant bears the burden of establishing both prongs.  *Strickland*, 466 U.S. at
6   697; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995).

7   In this case, the transcript of Movant's change-of-plea hearing shows that Movant did
8   not complain about defense counsel's representation to the District Court.  Movant never
9   indicated to the Court she did not understand the proceedings.  Counsel attested that Movant
10  was fully competent and the District Court found Movant's plea knowing, intelligent and
11  voluntary.

12  In regards to her first ground, Movant cannot show counsel's performance fell below
13  an objective standard of reasonableness as counsel joined in co-defendant's Motion to
14  Suppress.  (CR Doc. 29; Doc. 62 of No. CR 09-679-SRB, *United States v. Williams*).  At the
15  September 23, 2009 suppression hearing, the District Court provided numerous reasons for
16  finding Defendants consented to the search and, even if they had not, probable cause existed
17  for the search.  (CV Doc. 15, Ex. E at 232-34).  At the change-of-plea hearing, Movant
18  stated, "You know, I just want to get this over with."  (Plea Tr. at 23).  Movant cannot show
19  that but for counsel's error, she would not have pleaded guilty and would have went to trial.
20  *Hill*, 474 U.S. at 59.

21  Regarding Movant's second ground, Movant can not show prejudice.  The Court
22  specifically asked if Movant was a citizen of the United States and was told she was not.
23  (Plea Tr. At 20).  The Court then informed Movant there would be immigration
24  consequences resulting from her guilty plea, including that she would be turned over to
25  Immigration and Customs Enforcement for deportation proceedings.  Movant responded that
26  she understood.  (*Id.*).  Movant voluntarily agreed to plead guilty under the terms of the plea
27  agreement and thus failed to satisfy the prejudice prong of the *Strickland* standard.  A court
28  is not required to determine if counsel's performance was deficient before considering the

prejudice issue. *Strickland,* 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

### E. **Movant's Motion for Return of Seized Personal Property (CV Doc. 20)**

Movant has also filed a Motion for Return of Seized Personal Property. (CV Doc. 20). Respondents have not filed a Response. Movant argues that the property seized from her vehicle should be returned because she was illegally stopped. This property includes electronics, clothes, luggage and Movant's birth certificate, passport, business lease and social security cards. Movant contends co-defendants received some of their legal documents and social security cards, so she should receive her property or compensation in the amount of $23,770.00 for their taking.

Movant has admitted to the forfeiture allegations in the Second Superseding Indictment and has signed the Plea Agreement. (CR Doc. 194, 195). In the plea agreement, Movant agreed to forfeit "without limitation . . . any other property seized in the course of the government's investigation." (CR Doc. 195 at 5-6). At the change-of-plea hearing, the District Court asked if Movant understood she had agreed to admit to the forfeiture allegations. Movant responded, "Yes, Your Honor." (Plea Tr. At 11-12). The District Court then asked Movant if she understood that she agreed to forfeit any interest in the property described in pages 5 and 6 of the Plea Agreement. Movant responded, "Yes, Your Honor." (*Id.* at 20). As discussed above, the District Court found Movant's guilty plea knowing, intelligent and voluntary; therefore Movant's Motion for Return of Seized Property should be denied.

### III. **CONCLUSION**

Movant's claim of ineffective assistance of counsel asserted in his § 2255 Motion should be denied and dismissed based on the files and record in this case. Movant's Motion for Return of Seized Personal Property should also be denied.

**IT IS THEREFORE RECOMMENDED:**

- 8 -

That Movant's Amended Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (CV Doc. 4) be **DENIED AND DISMISSED.**

**IT IS FURTHER RECOMMENDED**:

That Movant's Motion for Return of Seized Personal Property (CV Doc. 20) be **DENIED**.

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal regarding Movant's § 2255 Motion be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

This report and recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

DATED this 15th day of May, 2013

Edward C. Voss
United States Magistrate Judge